**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

CWF HAMILTON & CO., LTD.
d/b/a HAMILTON JET,                           :

                                    Case No. 3:10-cv-339

            Plaintiff,

                                Magistrate Judge Michael R. Merz

    -vs-


THE SCHAEFER GROUP, INC.,

            Defendant.        :

---

**DECISION AND ORDER**

---

        This case is before the Court on Defendant The Schaefer Group, Inc.'s Motion for Partial Summary Judgment. (Doc. 19). Plaintiff CWF Hamilton & Co., Ltd. has filed a Memorandum in Opposition. (Doc. 25). Defendant has not filed a Reply and the time within which to do so has passed. S.D.Ohio Civ. R. 7.2(a)(2).

        The parties have consented to plenary magistrate judge jurisdiction pursuant to 28 U.S.C. 636 ( c ) and District Judge Black has referred the matter on that basis. (Doc. 9).

        Plaintiff CWF Hamilton & Co., Ltd. ("Hamilton Jet") is incorporated under the laws of New Zealand with its principal place of business in Churchchrist, New Zealand. (Doc. 1; PageID 2). The Schaefer Group, Inc. ("Schaefer") is a corporation with its principal place of business in Dayton, Ohio. PageID 3. Invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, Hamilton Jet brought this action against Schaefer alleging breach of original warranties, breach of secondary warranty, breach of implied warranty of fitness for a particular purpose, and breach of

implied warranty of merchantability. PageID 9-14. Schaefer's present Motion is directed only to Hamilton Jet's claim for breach of original warranties. (Doc. 19, PageID 106).

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. On a motion for summary judgment, the movant has the burden of showing that there exists no genuine issue of material fact, and the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157-59 (1970). Nevertheless, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) (emphasis in original). Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

Read together, *Liberty Lobby* and *Celotex* stand for the proposition that a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion (now known as a motion for judgment as a matter of law. Fed. R. Civ. P. 50). *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). If, after sufficient time for discovery, the opposing party is unable to demonstrate that he or she can do so under the *Liberty Lobby* criteria, summary judgment is appropriate. *Id*. The opposing

party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby,* 477 U.S. at 249-250 (citations omitted). "The mere possibility of a factual dispute is not enough." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992)(quoting *Gregg v. Allen-Bradley Co.,* 801 F.2d 859, 863 (6th Cir. 1986). Therefore a court must make a preliminary assessment of the evidence, in order to decide whether the plaintiff's evidence concerns a material issue and is more than de minimis. *Hartsel v. Keys*, 87 F.3d 795 (6th Cir. 1996). "On summary judgment," moreover, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962). Thus, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby,* 477 U.S. at 249.

> The moving party
>
>> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex,* 477 U.S. at 323; *see also, Boretti v. Wiscomb,* 930 F.2d 1150, 1156 (6th Cir. 1991) (citation omitted). The party bringing the summary judgment motion has the initial burden of informing the district court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Alexander v. Caresource,* 576 F.3d 551 (6th Cir. 2009), citing *Mt. Lebanon Personal Care Home, Inc. v. Hoover Universal, Inc.*,

3

276 F.3d 845, 848 (6th Cir. 2002). If the moving party meets this burden, the nonmoving party must go beyond the pleadings to show that there is a genuine issue for trial. *Matsushita*, 475 U.S. at 587; *Martin v. Ohio Turnpike Comm'n.*, 968 F.2d 606, (6th Cir. 1992).

In ruling on a motion for summary judgment (in other words, determining whether there is a genuine issue of material fact), "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Interroyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied,* 494 U.S. 1091 (1990). Thus, in determining whether a genuine issue of material fact exists on a particular issue, a court is entitled to rely only upon those portions of the verified pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties.

A fact is "material" if its resolution affects the outcome of the lawsuit. *Lenning v. Commercial Union Ins. Co.,* 260 F.3f 574, 581 (6th Cir. 2001). "Materiality is determined by the substantive law claim." *Boyd v. Baeppler,* 215 F.3d 594, 599 (6th Cir. 2000). An issue is genuine if a "reasonable jury could return a verdict for the nonmoving party." *Henson v. Nat'l Aeronautics & Space Admin.,* 14 F.3d 1143, 1148 (6th Cir. 1994), quoting *Anderson,* 477 U.S. at 248. Irrelevant or unnecessary factual disputes do not create genuine issues of material fact. *St. Francis Health Care Centre v. Shalala,* 205 F.3d 937, 943 (6th Cir. 2000). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact. *Simmons-Harris v. Zelman,* 234 F.3d 945, 951 (6th Cir. 2000), *rev'd on other grounds,* 536 U.S. 639 (2002). Thus, a factual dispute which is merely colorable or is not significantly probative will not defeat a motion for summary judgment which is properly supported. *Kraft v. United States,*

991 F.2d 292, 296 (6th Cir.), *cert. denied* 510 U.S. 976 (1993); *see also, Int'l Union United Auto., Aerospace & Agriculture Implement Workers of America v. BVR Liquidating, Inc.,* 190 F.3d 768, 772 (6th Cir. 1999), *cert. denied* 529 U.S. 1076 (2000).

The party opposing the motion may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion. *Street,* 886 F.2d at 1479. A party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the [non-moving party]." *Anderson,* 477 U.S. at 252. If, after sufficient opportunity for discovery, the non-moving party is unable to meet his or her burden of proof, summary judgment is clearly proper. *Celotex Corp.,* 477 U.S. at 322-23. "The failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion." *Alexander v. Caresource,* 576 F.3d 551 (6th Cir. 2009), quoting *Everson v. Leis,* 556 F.3d 484, 496 (6th Cir. 2009) (citing *Skousen v. Brighton High School*, 305 F.3d 520, 528 (6th Cir. 2002)).

With these principles in mind, the facts of this case construed in the light most favorable to Hamilton Jet and for purposes of the present Motion are as follows.[1]

In 2006, Hamilton Jet purchased an electric aluminum reverberatory furnace from Schaefer for $238,166.80. Complaint § 16, PageID 5. At the time of purchase, the Terms and Conditions with which Schaefer provided Hamilton Jet included an express warranty which reads: "SGI warrants all material and workmanship for a period of one year." Deposition of Richard L.

---

[1] The Court's review of the facts herein are limited to those related only to Hamilton Jet's first claim which is the subject of the present Motion.

Schaefer, Aug. 22, 2011 (Schaefer Depo.), Doc. 28, PageID 285-87[2]; see also, Complaint, Ex. 3 attached thereto, PageID 32-35.  The one-year warranty period commenced at the time the furnace was commissioned which was on or about January 15, 2007.  Schaefer Depo. at PageID 289-90.

On January 8, 2008, Hamilton Jet personnel contacted Schaefer to advise it of problems it was experiencing with the furnace.  Schaefer Depo. at PageID 303; Deposition of David Nelson, Aug. 23, 2011 (Nelson Depo.), Doc. 29 at PageID 531-33[3]; Deposition of Jonathan Leadbeater, Oct. 27, 2011 (Leadbeater Depo)., Doc. 21 at PageID 129-30[4].  All of the problems Hamilton Jet was experiencing with the furnace were manifested within the one-year warranty period and Hamilton Jet gave Schaefer the notice of the problems within the one-year period.  Schaefer Depo. PageID 302-03; 312-13.

Hamilton Jet and Schaefer attempted to determine what was causing the problems with the furnace and how to repair the problems.  *Id.* at PageID 303-04.  Upon Hamilton Jet's request, Schaefer sent a representative, Mr. Nelson, to New Zealand to personally inspect the furnace and offer recommendations.  *Id.* at PageID 315; Nelson Depo. at PageID 523.  However, that inspection did not take place until after the warranty period had ended. Schaefer Depo. at PageID 315.

Eventually, the parties agreed that the way to repair the furnace would be to make a new furnace base and reline the new base and then do a "hot swap" to minimize Hamilton Jet's downtime.  Nelson Depo. at PageID 530-32.  At no time during the discussions did Schaefer advise

---

[2] Richard Schaefer is President of The Schaefer Group.  PageID 10.

[3] David Nelson is Vice-President of The Schaefer Group.  PageID 501.

[4] Jonathan Leadbeater is manufacturing engineering manager for Hamilton Jet.  PageID 122.

Hamilton Jet that replacement of a part – a new base – would take the repair outside of the warranty coverage. Affidavit of Jonathan Leadbeater, Feb. 27, 2012, Doc. 25, Ex. 1 attached thereto, PageID 215-17. Schaefer charged Hamilton Jet approximately $75,725.00 to reline the newly fabricated furnace base. Nelson Depo. at PageID 508-09.

Schaefer argues that it is entitled to summary judgment on Hamilton Jet's claim in Count One of its Complaint which arises out of the failure of the original furnace base lining on the basis that Hamilton Jet made no warranty claim and did not notify Schaefer of the breach nor give it an opportunity to repair the defect in the original furnace. PageID 106. In other words, Schaefer's position is that Hamilton Jet did not give it an opportunity to cure. PageID 107. Hamilton Jet argues in opposition that it did, in fact, give notice to Schaefer of the problems it was having with the furnace and that it did so within the warranty period.

Generally, at this stage of the litigation, the parties do not dispute the law that is applicable to this claim.

The Court notes first that this is a diversity action. A federal court exercising diversity subject matter jurisdiction over state law claims must apply state substantive law to those claims. 28 U.S.C. §1652; *Gasperini v. Center for Humanities, Inc.*, 528 U.S. 415, 427, n. 7 (1996); *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938).

"A buyer need not employ any magic words or a specific statement to preserve its claim for breach of an express warranty." *AGF, Inc. v. Great Lakes Heat Treating Co.,* 51 Ohio St.3d 177, 180 (1990). The content of the notice which Ohio Revised Code § 1302.65 requires "need merely be sufficient to let the seller know that the transaction is still troublesome and must be watched". *Chemtrol Adhesives, Inc. v. American Mfrs. Mut. Ins. Co.,* 42 Ohio St.3d 40, 52

(1989)(citation omitted). "Therefore, no specific form or words are required in the notice of breach of contract under R.C. 1302.65(C)(1)." *AGF,* 51 Ohio St.3d at 180.

In order to state a claim for breach of warranty in Ohio, the plaintiff must show that (1) the goods are non-conforming; (2) the seller was given reasonable opportunity to cure the defects; and (3) the seller failed to repair the defects within a reasonable time or within a reasonable number of attempts. *Abele v. Bayliner Marine Corp.,* 11 F.Supp.2d 955, 661 (N.D.Ohio 1997). Similarly, the United Nations Convention on Contracts for the International Sale of Goods ("CISG"), to which the parties acknowledge that both the United States and New Zealand are signatories, essentially provides that the buyer must give the seller notice of the lack of conformity of the goods. *See Caterpillar, Inc. v. Usinor Industeel,* 393 F.Supp.3d 659, 673 (N.D.Ill. 2005).

The testimony reviewed above reveals that, for purposes of the present Motion, there is a genuine issue of material fact at to whether Hamilton Jet properly notified Schaefer of the problems it was having with the furnace and whether it gave that notice within the warranty period. Indeed, Mr. Schaefer, Schaefer's president, and Mr. Nelson, Schaefer's vice president, both testified that in January, 2008, Hamilton Jet personnel contacted Schaefer to advise if of problems it was experiencing with the furnace that Hamilton Jet had purchased from Schaefer. Further, Mr. Schaefer testified that all of the problems Hamilton Jet reported it was experiencing with the furnace were manifested within the one-year warranty period and that Hamilton Jet gave Schaefer the notice of the problem within the one-year period. While it is perhaps true that Schaefer's inspection of the furnace did not take place in New Zealand until after the warranty period had passed, the issue at this stage of the litigation is whether Hamilton Jet gave Schaefer notice of the alleged breach of warranty thereby affording Schaefer an opportunity to cure.

This Court concludes that there is a genuine issue of material fact as to whether Hamilton Jet gave Schaefer proper notice of an alleged breach of warranty thereby preserving its claim for breach of original warranties. Accordingly, Defendant The Schaefer Group, Inc.'s Motion for Partial Summary Judgment, (Doc. 19), is DENIED.

April 2, 2012.

s/ **Michael R. Merz**  
United States Magistrate Judge

J:\Documents\Hamilton v. Schaefer PSJM D&O.wpd